UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | Bankruptcy Case |
| ) | No. 05-30611-rld13 |
| Jeffrey C. Lindquist, ) | |
| ) | |
| Debtor. ) | MEMORANDUM OPINION |

I have been asked to revisit the issue of costs with respect to the Ninth Circuit mandamus action ("Mandamus Action"), this time at the request of Debtor Jeffrey C. Lindquist ("Dr. Lindquist"), by the filing of "Debtor's Motion for Reconsideration of Order Re: Supplemental Costs (9th Cir. Case 06-70465)" ("Motion for Reconsideration") (#430 on the docket). Because the filings made with respect to the issue of costs in connection with the Mandamus Action are numerous, I will set out the history of this particular dispute in detail.

A. Prior Cost Bill Proceedings

On May 26, 2006, the Ninth Circuit entered an order granting, in part, Eleanor Lindquist's ("Ms. Lindquist") petition for a writ of mandamus and other relief ("Mandamus Order") (#381 on the docket). The primary subject of the Mandamus Action was an order which I had entered

Page 1 - MEMORANDUM OPINION

on June 17, 2005, relating to Ms. Lindquist's motion for relief from the automatic stay.  The Bankruptcy Court received the Mandamus Order on May 31, 2006, and it was entered on the docket in this case on that date.

On June 6, 2006, Ms. Lindquist filed her Cost Bill.  See "Petitioner Eleanor Lindquist's Bill of Costs Pursuant to Federal Rules of Appellate Procedure, Rule 39(e) and Federal Rules of Bankruptcy [sic] Rule 8014 for Cost as the Prevailing Party on a Writ of Mandamus to the United States Court of Appeals for the Ninth Circuit" (#405 on the docket).  Because the Mandamus Order did not provide for an award of costs to Ms. Lindquist, the Cost Bill was forwarded to the Ninth Circuit for direction (#383 on the docket).  By its order entered June 28, 2006 ("Mandamus Cost Order")(#404 on the docket), the Ninth Circuit granted Ms. Lindquist's request for costs, granted costs pursuant to Fed. R. App. P. 39(d) in the amount of $118.30, and referred the parties to the bankruptcy court for taxing of "any costs of transcripts, transmission of the record and/or the filing fee" pursuant to Fed. R. App. P. 39(e).  The Bankruptcy Court received the Mandamus Cost Order on or about July 3, 2006, and it was entered on the docket in this case on that date.

The parties received the Mandamus Cost Order prior to the time it was received by the Bankruptcy Court.  On June 29, 2006, Dr. Lindquist's counsel advised me by letter (#402 on the docket) that they intended to file a response to the Cost Bill on behalf of Dr. Lindquist.  The objection ("Cost Bill Objection") was filed on June 30, 2006 (#403 on the docket).  I then prepared my "Order Awarding Costs (9th Cir. Case 06-70465)" ("Bankruptcy Cost Order") (#407 on the docket), the complete text of which reads:

Page 2 - MEMORANDUM OPINION

The Ninth Circuit has ruled in its discretion pursuant to Fed R. App. P. 39(a)(4) that Ms. Lindquist is a prevailing party in Case No. 06-70465 and is entitled to costs as appropriate pursuant to Fed. R. App. P. 39(e). I have reviewed the Cost Bill submitted by Ms. Lindquist, together with the objection filed by Dr. Lindquist, and I award costs to Ms. Lindquist, payable by Dr. Lindquist, as follows:

1. Reporters Transcript. I allow costs to Ms. Lindquist in the amount of $260.00 as requested.

2. Transmission of the Record. Subject to paragraph 7, below, I disallow costs for this category on the basis that Ms. Lindquist has provided no supporting documentation for this expense.

3. Court Fees. As reflected by the Order of the Ninth Circuit Court of Appeals entered January 30, 2006, Ms. Lindquist was allowed to proceed in forma pauperis. See page 2 of #260 on the docket of this bankruptcy case. Ms. Lindquist cannot recover a cost she did not pay. Accordingly, I disallow the costs in this category.

4. Mailing Costs. Subject to paragraph 7, below, I disallow costs for this category on the basis that Ms. Lindquist has provided no supporting documentation for this expense.

5. Court Records (Pacer Costs). Subject to paragraph 7, below, I disallow costs for this category on the basis that Ms. Lindquist has provided no supporting documentation for this expense.

6. Preparation of the Record. Subject to paragraph 7, below, I disallow costs for this category on the basis that Ms. Lindquist has provided no supporting documentation for this expense.

7. Ms. Lindquist may request reconsideration of the disallowance of costs in paragraphs 2, 4, 5, and 6 above by filing, within 10 days of the date this order is entered, a motion for reconsideration together with an affidavit and supporting documentation to establish the amount of costs incurred within each category.

Between the time the Bankruptcy Cost Order was prepared and the time it was entered by the Clerk of the Court, Dr. Lindquist withdrew the Cost Bill Objection. See #406 on the docket.

The Bankruptcy Cost Order was entered on July 5, 2006. On

Page 3 - MEMORANDUM OPINION

July 6, 2006, Ms. Lindquist filed an objection to the Bankruptcy Cost Order (see "Petitioner Eleanor Lindquist's Objection to the Bankruptcy Court's Refusal to Award the Listed Costs and Considering Debtor's Objection to the Cost Bill Which Was Withdrawn for Violating Rule 9011" (#412 on the docket)). On July 11, 2006, Ms. Lindquist filed a motion for reconsideration of the Bankruptcy Cost Order (see "Motion for Reconsideration of Cost Bill or in the Alternative for an Order Certifying the Issue to the Ninth Circuit" (#413 on the docket)). Finally, on July 17, 2006, Ms. Lindquist filed documentation ("Supporting Documentation") to support her Cost Bill (see "Petitioner Eleanor Lindquist's Lodging of Documentation of Petitioner's Cost Bill Pursuant to the Order of the Bankruptcy Court's Determination That All Cost Bills Must Submit Actual Documentation Prior to the Award of Costs to the Prevailing Party" (#420 on the docket)). The Supporting Documentation increased the amount Ms. Lindquist sought as costs in connection with the Mandamus Action from $993.50 to $1,810.38.

Thereafter, I reviewed the Supporting Documentation and articulated in detail my findings ("July 21, 2006 Findings") (#425 on the docket) with respect to Ms. Lindquist's entitlement to costs under Fed. R. App. P. 39(e). I determined, based upon the Supporting Documentation, that Ms. Lindquist was entitled to an additional $9.50 representing the cost of transcripts, and $75.00 representing the cost of "transmission of the record" pursuant to Fed. R. App. P. 39(e)(1). My analysis with respect to the cost of transmitting the record is set out verbatim as follows:

///

Page 4 - MEMORANDUM OPINION

Cost Item 2. The Supporting Documentation reflects that Ms. Lindquist is seeking an award of costs as reimbursement for messenger services incurred for delivering documents to the Ninth Circuit Court of Appeals. She provided documentation to support a charge of $75.00 for each of the following dates: January 24, 2006, April 7, 2006, and May 1, 2006. Fed. R. App. Proc. 39(e)(1) allows an award of costs for "transmission of the record." The record on appeal is a defined term under the Federal Rules of Appellate Procedure. Specifically, Fed. R. App. Proc. 10 provides:

(a) Composition of the Record on Appeal. The following items constitute the record on appeal:

>    (1) the original papers and exhibits filed in the district court;
>    (2) the transcript of proceedings, if any; and
>    (3) a certified copy of the docket entries prepared by the district clerk.

It does not appear from my review of the docket in the Mandamus Action that an official record on appeal was prepared and transmitted from the clerk's office. Nevertheless I assume that with her original petition in the Mandamus Action Ms. Lindquist attached copies of court documents which appear to have substituted for a "record on appeal." (See Fed. R. App. Proc. 21(a)(2)( C), which requires that the petition for a writ of mandamus "include a copy of any order or opinion or parts of the record that may be essential to understand the matters set forth in the petition.") Accordingly, I will allow the transmittal costs in the form of the messenger charges for delivery to the Ninth Circuit of the original petition on January 24, 2006, in the amount of $75.00. However, with respect to the April 7, 2006 delivery, which coincides with the filing of Ms. Lindquist's reply brief in the Mandamus Action, and the May 1, 2006 delivery, which coincides with the filing of Ms. Lindquist's opposition to Dr. Lindquist's motion to strike, I find that these were Ms. Lindquist's pleadings filed in the Mandamus Action, which do not constitute the "record on appeal" pursuant to Fed. R. App. Proc. 10(a) or otherwise. Accordingly, there is no authority in the rules for an award of these costs.

Based upon the July 21, 2006 Findings, on July 21, 2006, I entered the "Order Re Supplemental Costs (9th Cir. Case 06-70465)" ("Supplemental Cost Order") (#427 on the docket). In the Supplemental Cost Order, I awarded Ms. Lindquist $84.50 in additional costs in the

Page 5 - MEMORANDUM OPINION

Mandamus Action.

    B. <u>The Current Dispute</u>

On the same date that the Supplemental Cost Order was entered, Dr. Lindquist filed the Motion for Reconsideration which is the motion currently pending before me.[1]

Notwithstanding the pendency of the Motion for Reconsideration, on July 31, 2006, Ms. Lindquist filed her "Notice of Appeal from Denying [sic] Costs from Order Granting Writ of Mandamus" ("Notice of Appeal") (#434 on the docket). This Notice of Appeal does not divest me of jurisdiction to rule on the Motion for Reconsideration. <u>See</u> Fed. R. Bankr. P. 8002(b).

The Motion for Reconsideration relies upon the arguments contained in the Debtor's Response, "particularly the arguments contained therein concerning the veracity of the purported invoices for deliveries (by 'Western Messanger [sic] Services') to the Ninth Circuit." <u>Motion for Reconsideration</u>, paragraph 5. Because I did not award Ms. Lindquist most of the costs addressed in the Debtor's Response, I intend to limit the scope of the Motion for Reconsideration to those costs I actually awarded in the Supplemental Cost Order, which provides in relevant part:

"2. Petitioner is awarded the following additional costs:

---

[1] Dr. Lindquist actually filed three documents that day. The first two were "Debtor's Response to Eleanor Lindquist's 'Motion for Reconsideration of Cost Bill or in the Alternative for an Order Certifying the Issue to the Ninth Circuit'" ("Debtor's Response") (#428 on the docket), and the "Affidavit of Jeff Payne" ("Payne Affidavit") (#429 on the docket). When Dr. Lindquist realized that the Supplemental Cost Order already had been entered at the time the Debtor's Response and Payne Affidavit were filed, he then filed the Motion for Reconsideration.

Page 6 - MEMORANDUM OPINION

```
            Reporters transcript           $ 9.50
            Transmission fees                75.00
            Total additional costs:         $84.50"
```

1. <u>Reconsideration of Cost Award for "Reporters Transcript"</u>

With respect to the $9.50 award for "Reporters transcript", the July 21, 2006 Findings provide:

> <u>Cost Item 1</u>.  The Supporting Documentation establishes that Ms. Lindquist paid $269.50 to her attorney, Mr. Stuart Brown, for the preparation of a transcript.  The Cost Bill previously had requested $260.00, which the Cost Order allowed.  Fed. R. App. Proc. 39(e)(2) allows an award of costs for "the reporter's transcript, if needed to determine the appeal." Although the Supporting Documentation does not establish that the transcript for which Ms. Lindquist paid Mr. Brown was in connection with the Mandamus Action, and I note that Ms. Lindquist previously stated that Mr. Brown represented her only in connection with the pending motion to dismiss and motion for contempt in the main bankruptcy case, nevertheless I will allow the Cost Order to stand in connection with this Cost Item and will award the additional $9.50 to Ms. Lindquist in a supplemental cost order.

The Motion for Reconsideration and the related Debtor's Response do not oppose the $9.50 supplemental award for "Reporters transcript" specifically.[2]  Neither did Dr. Lindquist oppose the $260.00 awarded for "Reporters transcript" in the original Cost Order.  Accordingly, I will deny the Motion for Reconsideration with respect to the "Reporters transcript."

2. <u>Reconsideration of Costs for Transmission Fees</u>

Dr. Lindquist raises a more serious issue with respect to the transmission fees awarded in the Supplemental Cost Order.  The Motion for

---

[2] The Motion for Reconsideration, by the incorporated Debtor's Response, seeks a blanket denial of all costs based on the court's "equitable powers to deny all costs due to Mrs. Lindquist's deliberate submission of unrecoverable and/or non-existent costs." <u>Debtor's Response</u>, page 6.

Page 7 - MEMORANDUM OPINION

Reconsideration, through the Debtor's Response, alleges in essence that
Ms. Lindquist filed fraudulent invoices[3] to support her request for these
costs. These allegations are supported both by the Payne Affidavit,
filed in conjunction with Debtors' Response, and by the "Affidavit of
Evan Magayanes" ("Magayanes Affidavit") attached to "Debtor's Additional
Submission in Support of Motion for Reconsideration of Order Allowing
Costs" filed August 2, 2006 (#438 on the docket).

The Magayanes Affidavit is the sworn statement of Evan
Magayanes, an employee of Western Messenger working in the account
department. Ms. Magayanes reviewed copies of the invoices Ms. Lindquist
submitted to this court on July 17, 2006, as part of her Supporting
Documentation, and states that the invoices were not issued by Western
Messenger. She further states:

> 1. that Western Messenger has no account either for
> Eleanor Lindquist or Howard Herships,
>
> 2. that the computer accounting system used by Western
> Messenger, which permits her to track every address from which
> the company has ever made a pick up or delivery, does not show
> that Western Messenger has ever picked up any documents from
> 540 Fathom Drive, San Mateo, California, which is the address
> listed on the invoices Ms. Lindquist filed with this court, and
>
> 3. that the charges reflected on the invoices
> Ms. Lindquist filed with this court are not consistent with the

---

[3] Copies of the "Western Messanger Services" invoices filed as part of the Supporting Documentation are attached as Exhibit A to this Memorandum Opinion.

Page 8 - MEMORANDUM OPINION

charges that would be assessed by Western Messenger for the
                    deliveries reflected in those invoices, and

          4.    that there is no business known as "Western Messanger
          Services" located at 70 Columbia Sq. in San Francisco,
          California.

Significantly, the Payne Affidavit and the Magayanes Affidavit are uncontradicted in the record. I, therefore, find that the "Western Messanger Services" invoices submitted by Ms. Lindquist in her Supporting Documentation filed July 17, 2006, are fraudulent. Accordingly, I will grant the Motion for Reconsideration as it relates to the Transmission Fees in the amount of $75.00 awarded in the Supplemental Cost Order.

     3.   Conclusion

I will enter an Amended Supplemental Cost Order to reflect my ruling as stated above with respect to the Motion for Reconsideration.

*[signature]*

RANDALL L. DUNN
Bankruptcy Judge

                              ###

cc:     Ann K. Chapman
        Eleanor Lindquist
        Brian D. Lynch, Trustee

Page 9 - MEMORANDUM OPINION